J-S26026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW ALAN ANGLE | : | |
| | : | |
| Appellant | : | No. 1617 MDA 2024 |

Appeal from the PCRA Order Entered October 9, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002350-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW  ANGLE | : | |
| | : | |
| Appellant | : | No. 1618 MDA 2024 |

Appeal from the PCRA Order Entered October 9, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000339-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW ALAN ANGLE | : | |
| | : | |
| Appellant | : | No. 1619 MDA 2024 |

Appeal from the PCRA Order Entered October 9, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000340-2013

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 08, 2025**

Appellant, Andrew Alan Angle, appeals from the order entered on October 9, 2024, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 28, 2014, Appellant pleaded guilty to three separate counts of receiving stolen property.[1] On February 11, 2014, the trial court sentenced Appellant to serve an aggregate term of two to 14 years in prison for his convictions. N.T. Sentencing, 2/11/14, at 5. Appellant filed a timely notice of appeal from his judgment of sentence. On November 12, 2014, however, this Court dismissed Appellant's appeal for failure to file a brief. *See* Order at 385 MDA 2014, 11/12/14, at 1.

On July 9, 2015, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* and Appellant's counsel (hereinafter "Direct Appeal Counsel") filed a timely notice of appeal. Nevertheless, on June 3, 2016, this Court again dismissed Appellant's appeal – this time because we found "substantial omissions and defects [in Appellant's brief, which] preclude[d] meaningful [appellate] review." ***Commonwealth v. Angle***, 153 A.3d 1098 (Pa. Super. 2016) (unpublished memorandum), at *4 (hereinafter "the 2016 Appeal"). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

---

[1] 18 Pa.C.S.A. § 3925(a).

Eight years later, on July 18, 2024, Appellant filed a counseled PCRA petition. Within the petition, Appellant claimed that Direct Appeal Counsel was ineffective for failing to file a competent brief in the 2016 Appeal. PCRA Petition, 7/18/24, at 4-7. Within the petition, Appellant acknowledged that his petition was facially untimely under the PCRA, as it was filed beyond the PCRA's one-year time-bar. Appellant contended, however, that his claim fell within the newly-discovered fact exception to the time-bar because: Direct Appeal Counsel told him that his direct appeal was denied on the merits; Appellant "was never made aware that his [direct] appeal was rejected due to procedural flaws;" and, Appellant "just learned that his appeal was dismissed due to [procedural] defects . . . [when] he was doing research on his current case [and] found the Superior Court opinion explaining why his [direct] appeal was really rejected." *Id.* at 8. Appellant requested that the PCRA court grant his petition and reinstate his direct appeal rights *nunc pro tunc*. *Id.* at 9.

On September 18, 2024, the PCRA court held a hearing on Appellant's petition, where Appellant testified on his own behalf.[2] During the hearing, Appellant testified that he was in federal custody when Direct Appeal Counsel told him that the 2016 Appeal failed. According to Appellant, Direct Appeal Counsel told him: "the [2016 Appeal] had been denied. . . . [H]e told me that, hey, we tried. It got shot down. It didn't have merit." N.T. PCRA

---

[2] Direct Appeal Counsel passed away on July 8, 2020. *See* Appellant's Brief at 6.

Hearing, 9/18/24, at 6. Appellant testified that this was the last contact he had with Direct Appeal Counsel. *Id.*

Appellant testified that, in January or February of 2024, he was in prison[3] and researching caselaw for a separate case when he discovered that Direct Appeal Counsel had misled him on the reason why the 2016 Appeal failed. *Id.* at 7 and 14-15.

As Appellant testified, from 2016 until 2024, he did not do anything to search for the 2016 Appeal. *Id.* at 14. Appellant testified: "I never thought to. I . . . believed [Direct Appeal Counsel]. He told me [it] didn't have merit, so . . . what he told me [was] the reason for not researching it." *Id.* Nevertheless, Appellant testified that, "throughout the time [he was] in various prisons, [there was] always a law library for [him] to use." *Id.* at 21.

On October 9, 2024, the PCRA court dismissed Appellant's petition as untimely, reasoning that Appellant failed to meet his burden of proving "that the Superior Court's dismissal of [the 2016 Appeal] on procedural grounds . . . . could not have been discovered by the exercise of [due] diligence more than a year before the instant petition was filed." PCRA Court Order, 10/9/24, at 1. Appellant filed a timely notice of appeal and raises one claim to this Court:

> Whether the [PCRA] court erred in denying Appellant's PCRA [petition] in finding that Appellant had the duty to second

---

[3] Appellant testified that he has been incarcerated since January 2013, with only limited periods of release. N.T. PCRA Hearing, 9/18/24, at 12. He testified that, during this time, he was only free from May 4, 2017 until October 13, 2017 and from March 2022 until March 2023. *Id.* at 12-13.

guess information provided by appellate counsel in order to have fulfilled the due diligence requirement for the PCRA timeliness exception[?]

Appellant's Brief at 4.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted). However, we afford "great deference" to the PCRA court's credibility determinations. ***Commonwealth v. Flor***, 259 A.3d 891, 910-911 (Pa. 2021). As our Supreme Court has explained:

> We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

***Id.*** (quotation marks and citations omitted).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are

required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

We affirmed Appellant's judgment of sentence on June 3, 2016 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. **Commonwealth v. Angle**, 153 A.3d 1098 (Pa. Super. 2016) (unpublished memorandum). Therefore, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on Tuesday, July 5, 2016, which was 30 computable days after we affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); 1 Pa.C.S.A. § 1908. Under the terms of the

PCRA, Appellant thus had until July 5, 2017 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until July 18, 2024, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly-discovered fact" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Our Supreme Court explained:

> [Section 9545(b)(b)(1)(ii)] has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

Further, to properly invoke the newly-discovered fact exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *See Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

"Due diligence" "is a flexible concept that varies with the context of a given case." *Commonwealth v. Small*, 238 A.3d 1267, 1284 (Pa. 2020). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [] put forth reasonable effort to obtain the information upon which a claim is based." *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (quotation marks and citations omitted). The petitioner must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." *Id.* at 227. The question of whether a petitioner,

based upon the circumstances of a particular case, would have been unable to discover the newly-discovered fact notwithstanding the exercise of due diligence is a question that requires fact-finding and the PCRA court, as the fact-finder, should determine whether a petitioner demonstrated this requirement of the exception. **Bennet**, 930 A.2d at 1274.

In the case at bar, the PCRA court held a hearing and determined, as a fact, that – in the eight years between the dismissal of Appellant's 2016 Appeal and his 2024 discovery of the facts surrounding the affirmance of his judgment of sentence – Appellant failed to exercise due diligence in discovering the fact that the 2016 Appeal was dismissed on procedural grounds. **See** PCRA Court Order, 10/9/24, at 1. As the PCRA court explained:

> The fact that [Appellant's 2016 Appeal] was dismissed for procedural reasons was a matter of public record since June 3, 2016. [Appellant] actually came across it while in the prison law library almost [eight] years later. During those [eight] years, he had been represented by numerous other attorneys. He also had access to many prison law libraries. The exercise of even the slightest due diligence on his part could have led to his discovery of this fact.

PCRA Court Opinion, 1/22/25, at 4-5 (quotation marks omitted).

The Commonwealth prevailed before the PCRA court. Thus, we must view the evidence of record in the light most favorable to the Commonwealth. **See Flor**, 259 A.3d at 911. Utilizing this standard, the record thoroughly supports the PCRA court's factual finding regarding Appellant's lack of due diligence. **See** PCRA Court Opinion, 1/22/25, at 4-5. And, since "[w]e will

not disturb the findings of the PCRA court if they are supported by the record," Appellant's claim on appeal fails. ***See Flor***, 259 A.3d at 911.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025